UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>  )<br>v.    )<br>  )<br>SCOTT BARBOUR,    )<br>  )<br>Defendant    ) | Crim. No. 2:01-cr-92-DBH-01 |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

In an extremely large drug distribution conspiracy, I sentenced Scott Barbour on February 5, 2003, to 35 years in prison on one count and 20 years on a second count, to be served concurrently.

Barbour has now moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). He argues that Amendment 782 to the Sentencing Guidelines, which the Sentencing Commission made retroactive, see Amendment 788, has lowered his base offense level based on drug quantity by 2 levels. At sentencing, I concluded that his total offense level was 40 and his criminal category V. As a result, his guideline range was 360 months to life, limited by the statutory cap of 40 years.

Unfortunately for Barbour, reducing his total offense level to 38 still places him in the Guideline range of 360 months to life (limited by the statutory cap of 40 years). So although his base offense level went down, his Guideline range has not changed.

The applicable statute is clear: sentence reduction in cases like this is available only if the "sentencing range" has been lowered. 18 U.S.C. § 3582(c)(2).

The Sentencing Commission interprets that language to mean that an amendment does not benefit a defendant if it "does not have the effect of lowering the defendant's applicable guideline range." Guideline 1B1.10(a)(2)(B). The cases agree. See, e.g., United States v. Jarvis, 883 F.3d 18, 21 (2d Cir. 2018) ("[t]he 'sentencing range' that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence." (quoting United States v. Taylor, 778 F.3d 667, 672 (7th Cir. 2015))); accord United States v. Smith, 814 F.3d 802, 804 (6th Cir. 2016).[1] Contrary to Barbour's contention, the Supreme Court decisions in Hughes v. United States, 138 S. Ct. 1765 (2018), and Koons v. United States, 138 S. Ct. 1783 (2018), have not changed that analysis.

I therefore do not reach the issue whether Barbour would qualify under the § 3553(a) factors.

At sentencing, I observed that Barbour was "extraordinarily bright and capable" with "enormous talents." Assuming that he (rather than a jailhouse lawyer) is the author of the legal memoranda on this motion, he continues to demonstrate that high level of intelligence.

But he does not qualify for release.

SO ORDERED.

DATED THIS 5TH DAY OF AUGUST, 2021

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
UNITED STATES DISTRICT JUDGE

---

[1] The parties have not cited any First Circuit cases.